ROCK CREEK TOWNSHIP, IN NEMAHA COUNTY, *on the relation of John Tyler, Trustee,* v. THE ST. JOSEPH & GRAND ISLAND RAILROAD COMPANY.

RAILROAD TRACK—*Subsequent Location of Highway Over—No Damages.* When a public highway is located over an existing railroad track, some years subsequent to the construction of the railroad, there is no liability upon the part of the railroad company, under §43 of chapter 84 of the Compiled Laws of 1885, to the township in which the crossing is located, for damages for the obstruction of the highway.

*Error from Nemaha District Court.*

THE case is stated in the opinion.

*J. W. Cunnick,* for plaintiff in error.

*A. L. Williams, Chas. Monroe,* and *R. W. Blair,* for defendant in error.

Opinion by GREEN, C.: The plaintiff commenced this action under §43, chapter 84, of the Compiled Laws of 1885, to recover damages from the defendant for obstructing a highway, by reason of the construction of its railroad.

At the September term, 1887, the case was tried by the court upon the following agreed statement of facts:

"1. The St. Joseph & Grand Island Railroad was built in 1869 and 1870 over the land where this road is located, and the right-of-way, obtained August 4th, 1866, recorded in Book 'H,' page 133.

"2. The county road was established in January, 1884, by order of the county court, on a petition presented October 13, 1883, and recorded, (Book 3, Road Record, pp. 131, 132,) which are a part of this agreed case, and road one-half in Brown and Nemaha counties, each."

Judgment was entered for the defendant below. It is claimed by the plaintiff in error that the defendant was liable, under the law, no matter whether the railroad was built before or after the location of the highway. We hardly think this is the correct rule. While it is clearly the duty of a rail-

road company to restore the highway crossings whenever its road crosses over highways, to a safe condition, and to keep them so, and to make the approaches thereto, yet such is not its duty in reference to the crossings of public highways over railroads where the public highways were laid out and opened subsequent to the construction of the railroad. (1 Rorer on Railroads, 554.)

In this case, the evidence shows that the railroad was built some fifteen years before the highway was established, and about six years before the passage of the law under which this suit was brought.    We do not see how it can be successfully maintained that this law could have any operation upon a railroad located long before the passage of the act, and years before the establishment of the road; and we are of the opinion that there is no liability under this law, when a highway is located over an existing railroad, for the obstruction of the highway by the railroad, if the company complied with all the laws in force when the road was constructed.

Again, this case was tried upon the agreed statement of facts set out above, there being no other evidence upon which the court could base a judgment.    Certain exhibits were attached to the petition, showing the action of the board of commissioners, notice to the railroad, assessment of damages, and other steps to fix the liability of the company; but these were denied, and it would be necessary to furnish some proof before the plaintiff would be entitled to recover.

We see no error in the record as presented to us, and therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.